ALICE POWERS and MARY HOSKIN, complainants-appellants,

*v.*

AGNES FINNERTY, defendant-respondent.

[Decided October 6th, 1922.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who delivered the following opinion orally:

"Where a relation of trust and confidence exists between donor and donee, in case of a gift *inter vivos,* the burden of proof is on the donee to establish by evidence satisfactory to the court that there was no deception practiced as against the donor; that the transaction was fair and open and that the donor fully understood the effect of what he was doing when making the gift. So, in this case, where the conveyance is made by the father, who is aged and suffering from the infirmaties of age rather than from chronic disease, to a daughter with whom he lived, the burden of proof is on the daughter to show that the conveyance was not the product of deception or undue influence. There is another rule which applies to cases of this nature, known as the rule of 'independent advice.' As I understand the decisions of this state, if the conveyance had been of all the father's estate to his daughter, so that the father was stripped of all of his property and was left to the mercy of others for support, the rule of independent advice would be invoked to the exclusion of any other rule, and had there been no independent advice the conveyance would be set aside without regard to the question of undue influence; but where the conveyance is not one that strips the donor of all his property, but is a conveyance of only part of this estate, and, in proportion to his whole estate, a small part, the rule of independent advice is not

applied, at least with the same strictness as it is in other cases, and I do not think it applies to this case. I think the daughter in this case has sustained the burden of proof that the rule laid down by this court cast upon her. I think it is apparent from the testimony that Patrick Finnerty, although eighty-three years of age and suffering from the ills which a man of that age is liable to suffer, still had mental capacity and ability to transact the ordinary affairs of business with regard to his own property and to deal with a transfer of property to his daughter. I think the testimony shows a desire to give this property to his daughter uninfluenced by any suggestion or wish on her part; for there is no testimony whatever to indicate that the suggestion with regard to the transfer came from her, or in fact to show that she knew anything about the transfer until after the father had decided to make it, and then she had but a short conversation with her father on the subject. When a conveyance is made to a person who is not accustomed to buying or selling real estate, recollection as to the details of a transaction such as this must necessarily be vague in the mind of an inexperienced person. I must therefore make allowance for Miss Finnerty's failure to recall all that was said by her father to her, or to Judge Mylod in her presence, concerning the transfer of the property, and while, as has been said by counsel for the complainants, testimony of an attorney who has put through the transaction is perhaps unconsciously affected by the part he played and the interest he might have in sustaining the transaction; still, his testimony is not to be wholly disregarded and it must be taken in connection with all the other circumstances of the case and weighed as testimony of a party in interest would be weighed.

"I think there is no evidence to show undue influence on the part of Miss Finnerty in connection with this transfer, and I think the explanation that is made of the reason for the transfer and the circumstances under which it was made, negotiations between Mr. Finnerty and the man who proposed to buy the property from him, or from Miss Finnerty after it was transferred to her, show that Finnerty was of

mental capacity sufficient to deal with this property and to treat with one who desired to purchase it and to discuss with him intelligently the terms and conditions of sale.

"There has been no question raised as to the delivery of the deed. I do not think there is room for argument as to the delivery of the deed. It was executed by the donor and whether Judge Mylod held the deed up to Miss Finnerty, as he testified he did, and said: 'Here is your deed; the property is now yours; the deed should be recorded,' something was said about the recording of the deed in connection with the execution of it and the fact that it is a deed which conveys the fee and that it was directed to be recorded at once, either by the donor or by the donee, shows an intention to make immediate delivery of it.

"There was some question in my mind on the testimony of Miss Finnerty as to whether the intent of this deed was to make a conveyance which should have the effect of a will; that is, to take effect after the death of the donor; but taking into consideration all the circumstances and the testimony of Judge Mylod, I have reached the conclusion that it was not a conveyance to take effect after death; that it was by its terms and on its face an absolute conveyance and without reservation, and as the direction was to record it immediately, and I have found that there was immediate delivery, there would, on the face of the transaction, be an immediate transfer of title with which possession would go. The fact that the deed was dated November 17th and that the donor received the rents for the months of November, December and January and paid the taxes and some insurance and water rent, would not, under the circumstances, be sufficient to convince me that there was no intention to make immediate delivery because the daughter says she was willing to permit her father, in his old age, to receive the rent and have it for her and his support while the property was hers; so that I find that this was a deed to take effect immediately and passed title upon its delivery. I shall dismiss the complainant's bill."

*Mr. Thomas Brunetto,* for the complainants-appellants.

*Mr. Charles Jones,* for the defendant-respondent.

PER CURIAM.

The decree will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Fielder in the court of chancery.

*For affirmance* — THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—14.

*For reversal*—None.